**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**LORI FITZGERALD,**

**Plaintiff,**

**Civil Case No. 1:24-cv-00304-JL-TSM**

**CIRCLE INTERNET FINANCIAL, LLC,**

**Defendant**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO TRANSFER VENUE

Plaintiff respectfully submits this memorandum of law in support of her Motion to Transfer Venue to the United States District Court for the District of Massachusetts, Boston, pursuant to 28 U.S.C. § 1406(a), and in the alternative, 28 U.S.C. § 1404(a).

## I. **Background**

Plaintiff initiated this action seeking replevin and related relief. Defendant moved to dismiss the case for lack of personal jurisdiction. The magistrate judge issued a Report and Recommendation finding that personal jurisdiction exists. Defendant has objected to that recommendation, and the matter is now pending de novo review by the district judge.

## II. Legal Standard

Under 28 U.S.C. § 1406(a), when a case is filed in the wrong district, the court may dismiss, if it is in the interest of justice, transfer the case to a district in which it could have been brought or to transfer a time-barred claim. The Supreme Court has held that a district court may transfer a case even if it lacks personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962).

Alternatively, under 28 U.S.C. § 1404(a), a court may transfer a case for the convenience of parties and witnesses and in the interest of justice to any other district where the case could have originally been filed.

**III. Argument**

Plaintiff maintains that this Court has personal jurisdiction over the defendant, as recommended by the magistrate judge. However, in the event the Court disagrees, transfer to the District of Massachusetts is appropriate and preferable to dismissal.

The defendant resides in Massachusetts, and the U.S. District Court for the District of Massachusetts (Boston Division) clearly has personal jurisdiction over the defendant. Transferring the case would preserve Plaintiff's claims, avoid unnecessary delay, and serve the interests of justice.

**IV. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Court transfer this action to the United States District Court for the District of Massachusetts, Boston Division, pursuant to 28 U.S.C. § 1406(a), or alternatively, 28 U.S.C. § 1404(a).

Respectfully submitted,

*Lori Fitzgerald, Pro Se*
*LORI FITZGERALD, Pro Se Plaintiff*
*lori.Fitz88@Outlook.com*
*603-937-4043*

*Dated September 5, 2025*

## CERTIFICATION OF SERVICE

**Case: Fitzgerald v. Circle Internet Financial**

**Civil Case No. 1:24-cv-00304-JL-TSM**

***I hereby certify this motion was electronically filed in the court's electronic filing system and served on the following persons on the date and in the manner specified below:***

***Person (s) served electronically via email and ECF:***

**Michael K. O'Neil** **mko@rathlaw.com, smd@rathlaw.com**

**Grayson Shephard** **gms@rathlaw.com, rav@rathlaw.com**

*Lori Fitzgerald, Pro Se*
*LORI FITZGERALD, Pro Se Plaintiff*
*lori.Fitz88@Outlook.com*
*603-937-4043*

*Dated September 5, 2025*